IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAMBETH HOUSE, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2169 |
| | § | |
| SOUTHERN AMERICAN | § | |
| INSURANCE AGENCY, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Lambeth House, Inc.'s Motion to Stay Proceedings ("Motion") [Doc. # 7], to which Defendant Southern American Insurance Agency, Inc. ("SAIA") filed an Opposition [Doc. # 8], and Plaintiff filed a Reply [Doc. # 10]. Having reviewed the full record, and in the exercise of the Court's inherent powers, the Court **denies** the Motion.

In 2007, Plaintiff sued SAIA, International Fidelity Surety, Ltd. ("IFS"), and Liberty Restoration, Inc. ("Liberty") in the United States District Court for the Eastern District of Louisiana ("the Louisiana Lawsuit"). In that lawsuit, Plaintiff alleged that SAIA procured from IFS a performance and payment bond as security for a construction contract to be performed by Liberty. The Louisiana Lawsuit included claims based on Texas law. In May 2008, SAIA filed a Motion for Summary Judgment in the Louisiana Lawsuit, arguing that the Louisiana one-year statute of

limitations bars Plaintiff's claims against it. That Motion for Summary Judgment remains pending, and the Louisiana Lawsuit is scheduled for trial on January 5, 2009.

On July 9, 2008, Plaintiff filed this lawsuit in this Court asserting the same claims pending against SAIA in the Louisiana Lawsuit.[1] On September 15, 2008, Plaintiff filed this Motion to Stay, representing that this lawsuit was filed just in case the federal court in the Louisiana Lawsuit rules against Plaintiff. Plaintiff, however, does not want to prosecute this case because it "may become unnecessary" if Plaintiff wins in Louisiana.

SAIA opposes Plaintiff's Motion, arguing that it should be allowed to file a motion to transfer this case to the Eastern District of Louisiana. SAIA notes that Plaintiff is blatantly seeking an opportunity to relitigate any issues on which it is unsuccessful in Louisiana.

A district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). Federal district courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)).

---

[1] Plaintiff in this lawsuit added a claim for negligent misrepresentation.

This Court is unwilling to maintain on its docket a case that Plaintiff filed prophylactically should it lose in another federal district court, particularly where as here Plaintiff does not want to prosecute the case until it knows whether it has won or lost in Louisiana. Accordingly, it is hereby

**ORDERED** that the Motion to Stay Proceedings [Doc. # 7] is **DENIED**. It is further

**ORDERED** that Defendant shall file by **October 15, 2008**, any Motion to Transfer this case to the United States District Court for the Eastern District of Louisiana. Plaintiff shall file any Response by **November 5, 2008**, and Defendant shall file any Reply by **November 12, 2008**.

SIGNED at Houston, Texas, this **30th** day of **September, 2008**.

_____
Nancy F. Atlas
United States District Judge