IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAMBETH HOUSE, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2169 |
| | § | |
| SOUTHERN AMERICAN | § | |
| INSURANCE AGENCY, INC., | § | |
|     Defendant. | § | |

### MEMORANDUM AND ORDER

This case is before the Court on the Motion to Transfer ("Motion") [Doc. # 12] filed by Defendant Southern American Insurance Agency, Inc. ("Southern") seeking transfer of the case to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a). Plaintiff Lambeth House, Inc. ("Lambeth") filed a Response [Doc. # 13] opposing the Motion, and Defendant filed a Reply [Doc. # 14]. Having reviewed the full record and the applicable legal authorities, the Court **grants** the Motion to Transfer.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Lambeth owns a continuing care retirement community in New Orleans, Louisiana. Lambeth entered into a contract with Liberty Restoration Group, L.L.C. ("Liberty") to perform renovation work to the exterior of Lambeth's facility. Southern sold payment and performance bonds to Liberty. Disputes arose regarding

the timeliness and quality of Liberty's work and, eventually, Lambeth terminated its contract with Liberty.

Lambeth sued Southern and others in the United States District Court for the Eastern District of Louisiana on February 5, 2007. In May 2008, Southern filed a motion for summary judgment in the Louisiana lawsuit, and that motion remains pending. Trial is scheduled to begin in Louisiana on January 5, 2009.

In July 2008, Lambeth sued Southern in this court asserting the same claims asserted in Louisiana. Lambeth has stated candidly that it filed this lawsuit "in the event that the District court in Louisiana disagrees with [Lambeth's] interpretation of Texas laws." *See* Memorandum in Support of Ex Parte Motion to Stay Proceedings [Doc. # 7-3], p. 2.

Southern has moved to transfer this case to the Eastern District of Louisiana to be consolidated into the related – indeed, almost identical – lawsuit pending there. The Motion to Transfer has been fully briefed and is ripe for decision.

## II.     ANALYSIS FOR § 1404(a) TRANSFER

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a); *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999); *Harris County v. CarMax Auto Superstores, Inc.*,

177 F.3d 306, 319 (5th Cir. 1999). The party requesting transfer pursuant to § 1404(a) generally has the burden of showing that the case should be transferred. *See Evans v. Cornell*, 2007 WL 2021765, *1 (S.D. Tex. July 10, 2007) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

"The threshold issue under § 1404(a) is whether the plaintiff's claim could have been filed in the judicial district to which transfer is sought." *Ecoproduct Solutions, L.P. v. MMR Constructors, Inc.*, 2007 WL 4414039, *1 (S.D. Tex. Dec. 14, 2007) (citing *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004)). It is undisputed that this case could have been brought in the Eastern District of Louisiana – indeed, it was brought there first.

The Court must consider both private and public factors to decide whether the Eastern District of Louisiana would be more convenient for the parties and witnesses and whether the interests of justice would best be served by transfer. One factor is the plaintiff's choice of forum. A plaintiff's choice of his home forum is generally entitled to considerable deference, but a plaintiff's choice of a foreign forum is entitled to less deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); *Hunkin v. Cooper/T. Smith Stevedoring Co., Inc.*, 2008 WL 4500392, *4 (W.D. La. Sept. 29, 2008). In this case, Plaintiff Lambeth is a Louisiana non-profit corporation with its principal place of business in New Orleans, Louisiana. *See*

Complaint [Doc. # 1], p. 2.  As a result, Plaintiff's choice of the Southern District of Texas – a foreign forum – is entitled to little deference.

The private factors include: (1) the relative ease of access to evidence; (2) the availability of obtaining the attendance of unwilling witnesses and the cost of attendance for willing witnesses; (3) the place of the alleged wrong; and (4) any other practical issues that make trial of a case more easy, expeditious and inexpensive in the transferee district.  *See Ecoproduct*, 2007 WL 4414039 at *1 (citing *In re Volkswagen AG,* 371 F.3d at 203).  Each of these private factors weighs in favor of transfer to Louisiana.  The evidence is already in Louisiana in connection with the lawsuit pending in the Eastern District of Louisiana, and the witnesses are already required to travel to Louisiana for trial in January 2009.  The project that is the subject of both lawsuits was located in Louisiana.  It is more easy, expeditious, and inexpensive to try the case once in Louisiana rather than to try it once in Louisiana and again in Texas.  The private factors weigh in favor of transfer.

The public factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law."  *Ecoproduct*, 2007 WL 4414039 at *1 (citing *In re Volkswagen*, 371 F.3d at

203). There is no evidence regarding the congestion of the dockets in the two districts, but prosecuting the same lawsuit in two districts increases court congestion generally. The Eastern District of Louisiana has an interest in deciding lawsuits involving projects and related disputes located in that district. It is unlikely that there will be any difficult conflict of law issues, and there is no suggestion that the judges in the Eastern District of Louisiana will have any difficulty applying Texas law where applicable. The Court finds that the public factors weigh in favor of transfer of this case to the Eastern District of Louisiana.

Plaintiff, a Louisiana citizen, filed its lawsuit in Louisiana in 2007. Although not anticipating an adverse ruling on Southern's motion for summary judgment in that lawsuit, Plaintiff chose to file a separate, almost identical lawsuit here. The private and public factors weigh in favor of transfer to the Eastern District of Louisiana for the convenience of the parties and witnesses, and in the interest of justice.

## III.  CONCLUSION AND ORDER

Plaintiff chose originally to file this lawsuit in the Eastern District of Louisiana, then decided to file an almost identical lawsuit here. The convenience of the parties and witnesses, and the interests of justice, favor transfer of this duplicate case to the Eastern District of Louisiana. Accordingly, it is hereby

**ORDERED** that Defendant's Motion [Doc. # 12] is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a).  The Court will issue a separate Transfer Order.

SIGNED at Houston, Texas, this **17th** day of **November, 2008**.

_____
Nancy F. Atlas
United States District Judge